UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UGO OBIOMA,<br><br>              Plaintiff,<br><br>    v.<br><br>CITY OF UNION CITY, et al.,<br><br>              Defendants. | Case No. 23-cv-00271-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 48, 53 |

In ECF No. 48, the parties filed a joint discovery letter brief concerning Plaintiff's first and second sets of Requests for Admission ("RFAs"), first and second sets of interrogatories ("rogs") and first set of Requests for Production ("RFPs"). The only issue the parties briefed was the timeliness of the discovery requests. The Court held a hearing on May 15, 2024 and explained that because Judge Gonzalez Rogers had vacated the trial and discovery deadlines (ECF No. 47), the City of Union City's ("City's") timeliness objection was overruled. The Court ordered the City to file the discovery requests and responses at issue on the docket, which it did at ECF No. 53. The Court then scheduled a further telephonic hearing for May 21, 2024 at 11:00 a.m. to hear argument concerning the City's other objections to the discovery requests. The City did not appear for that hearing, so the hearing did not take place. Accordingly, the Court now rules on the discovery requests based on the papers.

**A.     First Set of RFAs (ECF No. 53, Exhibits 1 and 2)**

The City's objections to RFAs 1-9 are **OVERRULED** and the Court **ORDERS** the City to answer them within 30 days.

The Court realizes that some of the RFAs, if they were read in a vacuum, could potentially be vague. For example, RFAs 1-6 and 8-9 don't have dates in them. RFAs 4 and 9 do not specify

1  which constitutional rights they are asking about. RFA 7 contains a date but does not specify what
2  events it is talking about. RFA 9 does not specify a victim. However, Plaintiff is pro se, and she
3  is obviously asking about the events alleged in the First Amended Complaint. Therefore, none of
4  these RFAs are actually unclear.

**B.      Second Set of RFAs (ECF No. 53, Exhibits 3 and 4)**

The Court **OVERRULES** the City's objections to RFAs 1-5 and **ORDERS** it to answer them within 30 days.

As with the first set of RFAs, Plaintiff is obviously asking about the events alleged in the First Amended Complaint, so none of these RFAs are actually difficult to understand.

**C.      First Set of Rogs (ECF No. 53, Exhibits 5 and 6)**

The Court **OVERRULES** the City's objections to rogs 1-6, 8 and 10 and **ORDERS** the City to answer them within 30 days. As with the RFAs, these rogs are asking about the events alleged in the First Amended Complaint, so there is no genuine lack of clarity about the information they seek. The Court realizes that Officer Spencer has not entered an appearance, but the City has, and it is alleged to be his employer, and it can interview its employees. Therefore, questions to the City concerning Spencer's state of mind are not objectionable. The Court **SUSTAINS** the City's vagueness objection to rog 7. If there were a *Monell* claim in the case, rog 9 would be relevant, but the First Amended Complaint alleges two claims against Spencer (¶¶ 37-45), and the only basis alleged for the City's liability is vicarious liability for Spencer's actions under state law (¶ 3). Accordingly, the Court does not see the relevance of rog 9 and **DENIES** Plaintiff's motion to compel as to it.

**D.      Second Set of Rogs (ECF No. 53, Exhibits 7 and 8)**

The Court **OVERRULES** the City's objections to rogs 1-3, 5 and 7-9 and **ORDERS** the City to answer them within 30 days. None of these rogs is genuinely unclear. The Court **SUSTAINS** the City's objections that rog 4 is incomprehensible and rog 6 is overbroad.

**E.      First Set of RFPs (ECF No. 53, Exhibits 9 and 10)**

The Court **OVERRULES** the City's objections to RFPs 1 and 7-9 and **ORDERS** the City to produce all responsive documents within 30 days. For RFP 2, the Court is not sure what a

document concerning a video is and thinks the RFP is probably just asking for video. Accordingly, the Court strikes "All documents concerning" from the beginning of the RFP and otherwise **ORDERS** the City to produce all responsive documents within 30 days. For RFPs 3 and 4, the Court agrees with the City that video "prior to" the incident is not incident related. Accordingly, for both RFPs the Court strikes the words "prior to and" and otherwise **ORDERS** the City to produce all responsive documents within 30 days. For RFPs 5 and 6, the Court does not agree they are overbroad as to scope or time because they are limited to the "incident." Accordingly, for both RFPs the Court **ORDERS** the City to produce all responsive documents within 30 days, except for those protected by attorney-client privilege or work product.[1] The Court **SUSTAINS** the City's overbreadth objection to RFP 10.

**IT IS SO ORDERED.**

Dated: May 21, 2024

　　　　　　　　　　　　　　　　　　　　　　　　THOMAS S. HIXSON
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] The Court mentions privilege and work product in connection with these RFPs because the City specifically objected to them on these grounds. For the sake of clarity, nothing in this order requires the City to produce or reveal documents or information protected by the attorney-client privilege or work product.

3